DAVID ANZUALDA AND JOSE MARIA YGLECIAS v. THE STATE.

No. 13121. Delivered March 26, 1930.
Rehearing denied May 7, 1930.
Reported in 27 S. W. (2d) 231.

510

The opinion states the case.

*A. B. Crane* of Raymondville, and *Canales & Eidman* of Brownsville, for appellants.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle, the punishment being assessed at two years in the penitentiary against each of the appellants.

Appellant Jose Maria Yglecias failed to perfect his appeal in that he gave no notice of appeal at the term of court at which the conviction was had. Art. 827, C. C. P.

We think the contention of appellant Anzualda that the evidence is insufficient to support the conviction must be sustained. Anzualda was charged jointly with Yglecias and others as a principal in the theft of one head of cattle. That Anzualda was not present when the animal was taken was testified to by the witnesses for both the state and appellants. It appears from the testimony of the state, coming from the lips of an accomplice, that appellant Anzualda directed his co-conspirators to steal a calf and bring it to him. According to the accomplice, Anzualda furnished his co-conspirators an automobile to be used in securing the animal. Leaving Anzualda at home, the parties drove three miles into the country, where they stole a calf. According to the state's testimony, they returned with the animal to the place where Anzualda had remained. There appellant Anzualda and his co-conspirators butchered the animal. There is no testimony showing or tending to show that appellant Anzualda was to do anything further than to receive the stolen animal. The record fails to show that it devolved upon him to sell the animal and divide the proceeds among his co-conspirators or to divide the meat with them. As far as the testimony reflects the matter, it was not contemplated that Anzualda's co-conspirators should have any interest in the animal. There is no testimony in the record showing or tending to show that appellant Anzualda was

doing anything in furtherance of the common design at the time his co-conspirators stole the animal.

Art. 70, Penal Code, reads as follows:

"An accomplice is one who is not present at the commission of an offense, but who, before the act is done, advises, commands or encourages another to commit the offense; or,

"Who agrees with the principal offender to aid him in committing the offense, though he may not have given such aid; or,

"Who promises any reward, favor or other inducement, or threatens any injury in order to procure the commission of the offense; or,

"Who prepares arms or aid of any kind, prior to the commission of an offense, for the purpose of assisting the principal in the execution of the same."

The acts which make one guilty as an accomplice are performed before the actual offense is committed. Burow v. State, 210 S. W. 805. According to the state's testimony, appellant did no more than to furnish an automobile and advise and encourage his co-conspirators to steal the calf. He was not present when the theft was committed and was doing nothing in furtherance of the common design at the time. He did no more after the consummation of the theft than to receive and butcher the stolen animal. The element of actual participation at the time or during the commission of the offense which might constitute him a principal is not present. The elements constituting him an accomplice are present. The fact alone that a conspiracy is shown does not make all parties to the conspiracy principals, whether they were present or not when the offense was committed. Burow v. State, supra. Touching the principle controlling, we quote the language of Judge Lattimore in Barnett v. State, 291 S. W. 540, as follows:

"As applied to one actually absent in person from the scene of the commission of the offense, this means that the state must prove in some legal manner that the accused was a party to a plot or agreement to commit the crime, and that, after he had agreed with those actually committing the offense or others that same should be committed, or that some enterprise should be embarked upon whose execution fairly included the commission of such crime, the proof must further show the accused was doing something at the very time of the commission of the offense which was in furtherance of the common purpose."

Believing the evidence insufficient to show that Anzualda was a principal in the commission of the offense as charged in the indictment, it becomes our duty to order a reversal as to him.

As to appellant Jose Maria Yglecias, the appeal is dismissed. As to appellant David Anzualda, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On August 28th the appellant, Jose Maria Yglecias, was found guilty by the verdict of a jury rendered during the term of court which adjourned on the 31st day of August, 1929. On the morning of the 31st day of August the appellant and his attorney appeared in court. Announcement was made that the appellant would file no motion for new trial but would accept the sentence. Responding to the court's inquiry the appellant said there was no reason why the sentence should not be passed upon him in accord with the verdict of the jury. On September 1st, the district judge received from the attorney for the appellant a letter enclosing a motion for new trial, an order overruling the motion and notice of appeal. The judge declined to entertain the motion and to enter the notice of appeal. Upon the facts mentioned above the appellant, in his motion for rehearing, insists that this court is in error in holding that it is without jurisdiction of the appeal, pointing to Arts. 755 and 829, C. C. P., which articles we quote:

"A new trial must be applied for within two days after the conviction; but in felony cases for good cause shown, the court may allow the motion to be made at any time before the adjournment of the term at which the conviction was had. When the court adjourns before the expiration of two days after the conviction, the motion shall be made before the adjournment."

"Where the defendant in a felony case fails to appeal until after sentence has been pronounced, the appeal shall, nevertheless, be allowed, if demanded, and has the effect of superseding the execution of the sentence and all other proceedings as fully as if taken at the proper time."

We also quote from Art. 11, C. C. P., as follows:

"The defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury in a felony case."

Art. 827, C. C. P., in part reads thus:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record."

That this court is without jurisdiction to review an appeal from a conviction in the absence of notice of appeal has often been declared. See Jones v. State, 89 Tex. Cr. R. 355; Montgomery v. State, 81 Tex. Cr. R. 516; Cato v. State, 85 Tex. Cr. R. 659, and many others collated in Vernon's Ann. Tex. C. C. P., 1925, Vol. 3, p. 198. The time for the disposition of a motion for new trial is during the term at which the verdict was rendered. Williams v. State, 99 Tex. Cr. R. 356; Barr v. State, 62 Tex. Cr. R. 58. In the present appeal nothing appears which would warrant any extraordinary action such as mandamus to compel the entry of the notice of appeal. The appellant had a right to change his mind after his sentence, but to perfect his appeal it was essential that he give notice of appeal during the term at which he was tried. The statute permits its entry thereafter but only upon the condition that the notice be given at the proper time.

The motion is overruled.

*Overruled.*