Billy Charles **SPEAD**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 46676, 46677.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Melvyn Carson Bruder (Court appointed on appeal), Dallas, for appellant.

Henry Wade, Dist. Atty. and Wm. J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

These are appeals from two convictions for robbery; the punishment on each offense, life.

Appellant raises three grounds of error.

First, appellant contends that the trial court commented on his failure to testify. We quote from the record:

"MR. LOVING [Assistant District Attorney]: Thank you. Your Honor and Ladies and Gentlemen of the jury, the State will rest its case in chief.

"THE COURT: The State rests. You will have testimony, I'm sure?

"MR. NELMS [Appellant's trial counsel]: Your Honor, we object to that as a comment on whether or not the Defendant will testify in this cause.

"THE COURT: Oh, Mr. Nelms.

"MR. NELMS: And move for a mistrial.

"THE COURT: Overrule your motion for a mistrial.

"MR. NELMS: Note our exception.

"THE COURT: Ladies and Gentlemen, as I told you earlier, the Defendant has a right to testify. He doesn't have to testify and I am not in any way to anticipate whether he will or won't and, furthermore, I want the record to show, Mr. Nelms, to elicit from you, if you have any testimony to put on in the few remaining moments before lunch, I assume by your answer you do not. We will stand in recess to go to lunch until 1:30."

Appellant attacks the court's statement, "You will have testimony, I'm sure?", as inviting the Defendant to testify and present a defense in violation of Art. 38.08, Vernon's Ann.C.C.P. It is not sufficient that the language might be construed as an implied or indirect allusion thereto. Overstreet v. State, Tex.Cr.App., 470 S.W.2d 653. We do not agree that the statute was offended under the circumstances described. Though not requested, the careful trial court immediately instructed the jury as shown above. Cf. Solis v. State, Tex.Cr.App., 492 S.W.2d 561; Terry v. State, Tex.Cr.App., 489 S.W.2d 879. Under the circumstances, we fail to find reversible error.

Ground of error number one is overruled.

Appellant next claims that certain statements made by him after his arrest were inadmissible because he was not warned in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), or Art. 38.22, V.A.C.C.P.

After appellant was apprehended, the officers asked a series of questions, including whether or not the car, identified as the one the hold-up men had fled in, belonged to him. Appellant said that it was his car.

No objection was made to the testimony. Absent objections, or a showing that appellant did not have an opportunity to object at the time the evidence was offered, the complaint is not properly before us for review. Clark v. State, Tex.Cr.App., 470 S.W.2d 869.

Ground of error number two is overruled.

In his final ground of error, appellant contends that the evidence is insufficient to show the offense of robbery as distinguished from theft (theft from the person).

The witness Chamberlain was pursuing appellant and his fellow robbers as they fled the scene of their first robbery. Unfortunately for him, he caught them and found appellant unawed by his pistol or command that he place his hands on the top of his head. Instead, appellant charged Chamberlain, grabbed the witness' right hand with his left hand, and hit him in the stomach with his right hand in which he was carrying a pistol.

It was at this juncture that the witness stated that he dropped his pistol. Following this, appellant knocked Chamberlain over the head and made his escape with Chamberlain's pistol.

It is clear that the threatened violence preceded the loss of the pistol and the offense of robbery was shown. Appellant can gain no solace from the dissent in Rayford v. State, Tex.Cr.App., 423 S.W.2d 300.

Jones v. State, Tex.Cr.App., 467 S.W.2d 453, also relied upon by appellant is likewise distinguishable. There we had no antecedent violence prior to the taking. Here there was an assault which preceded the loss of the pistol.

Ground of error number three is overruled.

The judgment is affirmed.