Charles Edward DRAKES, Appellant

v.

The STATE of Texas, Appellee.

Charles Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

Allen JOHNSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47738, 47739 and 47756.

Court of Criminal Appeals of Texas.

March 6, 1974.

The grounds of error are somewhat different as to each appellant and will be considered as each has briefed them. However, all appellants challenge the sufficiency of the evidence and such contention will be discussed first.

The facts reveal that the 19-year-old prosecutrix and her boyfriend (to whom she was married on February 24, 1972) were driving through Waxahachie on the evening of February 4, 1972. Another vehicle was observed signaling them by blinking lights. Thinking the occupants in the other car were friends, the couple pulled into a parking lot and stopped. As it turned out they did not know any of the three persons in the other car, who were Charles Ray Williams, Allen Johnson, Jr. and Jimmy Earl Johnson.[1] Charles Ray Williams got into the couple's car, put his hand on the prosecutrix's leg and told her companion, "That guy (Allen Johnson, Jr.) over there at your window has got a gun, and he's been dying to use it all day." The prosecutrix was then dragged out of the car and placed in the second car. With Allen Johnson, Jr., driving, the three assailants took the prosecutrix to Dallas. On the way, Charles Ray Williams ordered her to take her clothes off and when she refused he choked her. She testified, "I thought I was going to die when he was choking me." She was then raped by Williams in the back of the car.

Charles Edward Drakes was at his apartment in Dallas when the group arrived. At the apartment the prosecutrix was raped by each of the appellants. She testified that she did not consent to any of the offenses and that she was in fear for her life. During the night she attempted to flee from the apartment and was stopped by Charles Edward Drakes and raped again. Finally, in the early morning hours she managed to escape.

The evidence is clearly sufficient to show rape by force and threats. See, e. g., Gorman v. State, Tex.Cr.App., 480 S.

Stanley I. Weinberg (Court appointed on appeal only), Dallas, for Drakes and Johnson.

Dan R. McCormack, Dallas, for Williams.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

These appeals are from convictions for rape. The appellants were tried together and the jury assessed punishment of Charles Edward Drakes and Charles Ray Williams at life; and Allen Johnson, Jr. at thirty years.

---

1. Jimmy Earl Johnson was not tried with the appellants herein.

W.2d 188; Whitaker v. State, Tex.Cr. App., 467 S.W.2d 264.

Charles Edward Drakes complains about the admission into evidence of the rapes committed by the co-defendants, contending that they were shown to be without his knowledge. Further, a related ground of error asserts that his counsel was ineffective because he did not file a motion to sever since the record shows these various offenses.

■ Such contentions are without merit. The offenses of rape by all the appellants were interwoven and were indeed a part of the same transaction. The court did not err in admitting such evidence. E. g., Waffer v. State, Tex.Cr.App., 500 S. W.2d 659; Mayes v. State, Tex.Cr.App., 472 S.W.2d 528. Furthermore, the offenses of all acting together make them ipso facto conspirators, and, accordingly, previous acts and declarations of each in furtherance of the unlawful enterprise tending to throw light upon the acts or the motive or intent with which they were committed are admissible, even if made prior to entry into the unlawful enterprise by the co-defendant challenging their admissibility. Young v. State, 150 Tex.Cr.R. 378, 201 S. W.2d 46; Whitehead v. State, 148 Tex.Cr. R. 190, 185 S.W.2d 725; Cox v. State, 8 Tex.App. 254. Neither did the court err in denying Allen Johnson, Jr.'s motion for severance which asserted that the extraneous offenses by the co-defendants were inadmissible as to him, nor was there a showing of conflicting defenses. Compare McWilliams v. State, Tex.Cr.App., 496 S. W.2d 630.

■■ Allen Johnson, Jr. argues that he should have been given a charge on the defense of "mistake of fact as to consent by the complaining witness." First, we note that Johnson did not testify and therefore was not entitled to such charge. Further, as heretofore pointed out, the evidence was sufficient to show force and threats; removing the issue of consent. For the same reasons discussed on this ground of error,

the trial court did not err in instructing the jury regarding the necessary resistance by the prosecutrix as Charles Ray Williams complains. The charge given on resistance adequately protected the appellant's rights. Harris v. State, Tex.Cr.App., 441 S.W.2d 189.

Next, Williams complains that the admission into evidence of a medical record which stated "Recent vaginal penetration; neck contusions bilaterally; alleged criminal assault and choking" was hearsay.

■ Such record was admissible as an exception to the hearsay rule because it was shown to be a business record and admissible under the provisions of Article 3737e, Vernon's Annotated Civil Statutes. Roddy v. State, Tex.Cr.App., 494 S.W.2d 174; Williams v. State, Tex.Cr.App., 492 S.W.2d 496.

■ Williams complains that it was error for the prosecutor to ask him, on cross-examination, "Why didn't you go home?" An objection to the question was overruled and Williams answered, "Because I am married." It is the response concerning his marital status that Williams argues was elicited by an improper line of questioning. Not so; Williams denied the rape and the question could show that Williams was in fact present in the apartment during the occurrences. Furthermore the response to the question was volunteered and nonresponsive. No error is shown. McComb v. State, Tex.Civ.App., 488 S.W. 2d 105.

Williams complains about alleged improper jury argument by the prosecutor.

■ During the closing arguments to the jury, the prosecutor stated that the prosecutrix will "take tranquilizers the rest of her life." The testimony reveals that following the rape the prosecutrix underwent an emotional change and a physician prescribed tranquilizers for her. And, although the record is silent that she would have to take them the rest of her life, we

fail to see that the argument was such that would require reversal of the case.

■ Secondly, Williams complains of the following argument:

" . . . anything that might tend to show any flaw in her character whatsoever could be brought to you through witnesses and through testimony and there hasn't been a shred of it because there isn't a shred of it anywhere."

An objection was sustained by the court and the jury instructed to disregard. We hold that the instruction to the jury was sufficient to overcome any harm or prejudice caused by the remark. Hodge v. State, Tex.Cr.App., 488 S.W.2d 779.

■ Williams also complains of the argument that Williams' brother, Alfred, had not been subpoenaed as a witness "because he knows that Alfred doesn't know anything about this." We fail to find this argument unduly prejudiced Williams. In a similar case, this Court held that:

"A jury argument must either be extreme and manifestly improper, or inject new and harmful facts to be reversible." Barrientez v. State, Tex.Cr.App., 487 S. W.2d 97.

Williams has failed to show such undue prejudice.

■ Finally, Williams contends that the State improperly adduced facts concerning a prior shooting incident and a subsequent arrest of his brother. Then, he argues that the prosecutor made reference to the shooting incident during argument.

The record shows that on direct examination Williams testified that upon his arrival at the Dallas apartment he learned of his brother's arrest. He testified that he left the apartment for a short time and returned when he "found out what happened." On cross-examination he was queried about what happened and responded that he was told about a shooting incident. Having opened up the area of in-

quiry, he cannot be heard to complain of the State's action and further probing nor the reference to the same during final jury argument. Joshlin v. State, Tex.Cr.App., 488 S.W.2d 773; Frison v. State, Tex.Cr. App., 473 S.W.2d 479.

There being no reversible error, the judgments are affirmed.