**Walter Lee BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50755.**

Court of Criminal Appeals of Texas.

April 14, 1976.

Rehearing Denied May 4, 1976.

Pat McDowell (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Winfield Scott and James G. Walker, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment, enhanced under V.T.C.A. Penal Code, Sec. 12.-42(c), was assessed at twenty-five years.

■ First, appellant contends that he could not be convicted of robbery where the evidence showed that the assault upon the complaining witness was committed after the theft from that witness.

The record reflects that appellant committed theft of money and a loaded pistol from a desk drawer while the complaining witness's back was turned. The assault was committed after the witness followed appellant outside the store, where he was preparing to enter his car and flee.

Appellant relies upon *Spead v. State*, Tex.Cr.App., 500 S.W.2d 112 and *Jones v. State*, Tex.Cr.App., 467 S.W.2d 453. These cases, decided under our former Penal Code, indeed held that robbery will lie only where the violence or threatened violence precedes the taking.

Our new Penal Code has significantly changed the law of robbery. V.T.C.A. Penal Code, Sec. 29.03 provides that a person commits aggravated robbery "if he commits robbery as defined in Section 29.02" and he causes serious bodily injury to another or uses or exhibits a deadly weapon.[1]

V.T.C.A. Penal Code, Sec. 29.02 provides in part:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. . . . "

Finally, V.T.C.A. Penal Code, Sec. 29.-01(1) provides:

" 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft."

In the instant case, the conduct constituting an assault occurred "in immediate flight after the attempt or commission of theft." Hence, all the elements of the offense of robbery have been shown. *Lightner v. State*, Tex.Cr.App., 535 S.W.2d 176 (1976). The first ground of error is overruled.

■ Next, appellant complains of improper jury argument by the prosecutor at both the guilt or innocence and punishment phases of the trial. The record reflects that objections were either sustained or not ruled upon in almost all of the instances about which complaint is made. The sustaining of objection and instructions to disregard were sufficient relief where granted

by the trial court. *Pringle v. State*, Tex.Cr. App., 511 S.W.2d 35; *Drakes v. State*, Tex. Cr.App., 505 S.W.2d 892; *Johnson v. State*, Tex.Cr.App., 504 S.W.2d 496; *Morgan v. State*, Tex.Cr.App., 502 S.W.2d 695.

■ In three instances appellant's objection was overruled: (1) The prosecutor, after noting that appellant had denied threatening the complaining witness with a pistol, stated that the latter should not have to "come down here and hear a lawyer get up and say [he] dreamed it all up." No reversible error is shown by such remark.

■ (2) Complaint is made of the following argument of the prosecutor:

"It's a fact that any witness who testifies may be impeached by a prior record; that is, felonies or misdemeanors involving moral turpitude or their credibility can be attacked and impeached by witnesses called down here to testify that they do not have a good reputation for truth and veracity."

(3) The prosecutor then proceeded to bolster the testimony of the complaining witness by asserting that from the fact that appellant had presented no evidence to impeach the complaining witness the jury could assume that the latter "has a lilly white record. No record at all."

This line of argument was an improper attempt to bolster the testimony of a State's witness by referring to matters outside the record. Cf. *Drakes v. State*, Tex. Cr.App., 505 S.W.2d 892. The objections should have been sustained. We are unable to say, however, that the error was such as to mandate a reversal of the judgment.

■ In another ground of error, appellant contends that under Art. 62, V.A.P.C., a prior conviction for felony theft could not have been used to enhance punishment upon a conviction for robbery; the same should be true, he argues, under V.T.C.A. Penal Code, Sec. 12.42(c). It appears that appellant's premise is erroneous in that this Court has held that robbery and theft are like offenses. *Horne v. State*, Tex.Cr.App.,

1. A firearm is a deadly weapon, V.T.C.A. Penal Code, Sec. 1.07(a)(11).

508 S.W.2d 643. In any event, as the Practice Commentary to Sec. 12.42 states, "The requirement of Article 62 that the instant offense be 'of the same nature' as the prior offense is eliminated."

■ He also contends that the prior conviction was invalid because proper stipulations were not entered in accordance with Art. 1.15, V.A.C.C.P. A properly executed, written agreement to stipulate testimony and a waiver of the rights of appearance, confrontation, and cross-examination of witnesses appear in the record. The complaint that the evidence was orally stipulated, in violation of the provisions of Art. 1.15 then in effect, is without support in the record. The ground of error is overruled.

■ Finally, appellant contends that his indictment was fundamentally defective because it failed to allege ownership of the property alleged to have been stolen. The offense occurred after the effective date of the new Penal Code. Therefore, the omission of any ownership allegations did not render the indictment invalid. *Reese v. State,* Tex.Cr.App., 531 S.W.2d 638.

The judgment is affirmed.