**Glen Morris CAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60360.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 22, 1982.

David Zigler, court appointed and Will Gray, on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Alvin M. Titus and Jack Frels, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

Glen Morris Cain, appellant, appeals his conviction by a jury for committing the former penal code offense of robbery by assault of Raymond Rubach. See Art. 1408, V.A.P.C. (1925 Code). Punishment was assessed by the jury at 75 years' confinement in the penitentiary. This Court previously, see *Cain v. State,* 551 S.W.2d 728 (Tex.Cr. App.1977), reversed appellant's conviction for committing the offense of rape of Rubach's female companion because the evidence was deemed insufficient to constitute appellant as a principal to that offense. See also Art. 1183, V.A.P.C. (1925). We will also reverse this conviction because the State should not have been permitted to introduce into evidence the extraneous offenses that were committed on Rubach's companion in the appellant's absence.

The facts adduced reflect that Rubach's female companion, who will remain nameless, was raped and forced to commit sodomy, without any showing of appellant's presence at the time those offenses were committed. Appellant complains in his appeal, inter alia, that the trial court erred by allowing into evidence the rape and sodomy offenses. Appellant, in part, relies for authority upon the doctrine of collateral estoppel and the previous acquittal rendered by this Court. See *Cain v. State,* Id. See also Art. 1183, V.A.P.C. (1925 Code). His reliance in both instances is misplaced. This Court reversed appellant's previous conviction after it was determined that the evidence presented by the State was insufficient to sustain the jury's verdict finding the appellant guilty of being a principal to the commission of the offense of rape of Rubach's female companion. *Cain v. State,* Id. The result was reached because of the law then in existence, that an accomplice could not be convicted as a principal, and as there was no showing that the appellant was anything more than an accomplice to the commission of the offense of rape of Rubach's companion, the appellant could not be found guilty of being a principal to the commission of the rape offense. Neither this Court, (the arbiter of the law), nor the jury, (the trier of the facts), made any decision favorable to the appellant as to any ultimate issue of fact. The admission into evidence of the extraneous offenses was therefore not barred by this Court's former decision.

However, we find it is necessary to decide whether the admission in evidence of the rape and sodomy offenses during this trial was erroneous for other reasons.

The facts adduced establish that appellant and another unidentified person abducted at gun point the complaining witness, Rubach, and Rubach's female companion, and took them to an apartment, where they were tied up, blindfolded, and robbed of their money. Subsequently, without the appellant's presence being established, Rubach and his companion were removed to a second location where she was forced to commit sodomy and was raped. When this Court reversed appellant's previous conviction, it stated the following: "[N]o witness could place the appellant at the shack [the second location] where the prosecutrix was raped. Nor could any witness testify as to what the appellant was doing at the time of the rape." 551 S.W.2d at page 731.

In *Drakes et al. v. State,* 505 S.W.2d 892 (Tex.Cr.App.1974), this Court was confronted with the reverse of the situation at bar. There it was held, as to the defendant Drakes, that it was permissible to allow into evidence rapes that had been committed by Drakes' codefendants prior to their arrival at Drakes' apartment, where the rape for

which Drakes was prosecuted occurred. This Court ruled that the previous rapes were admissible because they were interwoven and a part of the same transaction; the offenses of all acting together made all of the defendants "ipso facto conspirators, and, accordingly, previous acts and declarations of each in furtherance of the unlawful enterprise tending to throw light upon the acts or intent with which they were committed are admissible, even if made prior to entry into the unlawful enterprise by the co-defendant challenging their admissibility." Here, however, we are dealing with a situation where the offense for which appellant was on trial for committing had been consummated and was terminated. The record is devoid of any direct evidence connecting the appellant with the offenses of rape and sodomy that were committed on Rubach's companion at the second location. The admission into evidence of the rape and sodomy offenses did not shed any light upon the commission of the robbery offense. The picture that the State painted concerning the robbery offense was flawless and showed beyond any doubt that the appellant was criminally liable for committing the offense of robbery of Rubach.

█ It is a generally accepted proposition that a defendant is entitled to be tried on the accusation in the State's pleading and not for a collateral crime or for being a criminal generally. *Jones v. State,* 587 S.W.2d 115, 119 (Tex.Cr.App.1979). Therefore, there is a general prohibition against the use of extraneous offenses in a criminal trial unless the evidence is both material and relevant to a contested issue in a case and comes within a set of circumstances justifying admission. *Albrecht v. State,* 486 S.W.2d 97, 100–101 (Tex.Cr.App.1972). This limitation is imposed because evidence of extraneous offenses is prejudicial, tends to confuse the issues, and forces the defendant to defend against charges the State has not provided notice of. *Cobb v. State,* 503 S.W.2d 249, 251 (Tex.Cr.App.1973). See also Vol. 3, Matthew-Bender's *Texas Crimi-*

*nal Practice Guide,* Section 73.05(8)(a). Recently, in *McCann v. State,* 606 S.W.2d 897 (Tex.Cr.App.1980), this Court made the following observation:

..... it is abundantly clear that even though an extraneous offense may come within an 'exception' to the 'general rule' of exclusion of extraneous offenses it may not be received into evidence unless and until there is a clear showing that: 1) the evidence of the extraneous offense is material, i.e., going to an element of the offense charged in the indictment or information, 2) the accused participated in the extraneous transaction being offered into evidence, and 3) the relevancy to a material issue outweighs its inflammatory or prejudicial potential. (at 901).

See also *Williams v. State,* 38 Tex.Cr.R. 128, 41 S.W. 645 (1897).

█ In this instance, there is no question but that appellant and his first cohort were very much involved in the original abduction, kidnapping, and robbery of Rubach and his companion, and the appellant makes no issue of the sufficiency of the evidence. However, as to what occurred after Rubach and his companion were removed from the first location and taken to a second location, a shack, appellant was not shown to have been involved in any criminal wrongs committed against Rubach and his companion. In fact, that was partly why this Court reversed appellant's previous conviction. See supra. Compare *Lankford v. State,* 93 Tex.Cr.R. 442, 248 S.W. 389 (1923); *Carmean v. State,* 163 Tex.Cr.R. 218, 290 S.W.2d 240 (1956); *Fentis v. State,* 528 S.W.2d 590 (Tex.Cr.App.1975).

In this cause, appellant was charged with committing the offense of robbery of Rubach. The indictment makes no mention of the offenses of sodomy or the rape. The two offenses clearly have not been shown to be relevant to any material issue involved in the robbery offense. Furthermore, there is no direct evidence to connect the appellant to the rape and sodomy offenses. We are also unable to find where any issue was

raised by the appellant that would have warranted the admission into evidence of the extraneous offenses of rape and sodomy. Before such offenses would have been admissible, it was incumbent upon the State to establish, among other things, that the appellant was a party to a plot or agreement to commit the rape and sodomy offenses, or that the initial enterprise was embarked upon whose execution fairly included the commission of the crimes of rape and sodomy, or that at the time the rape was being committed the appellant was doing something which was in furtherance of the common purpose. *Anzualda et al. v. State,* 115 Tex.Cr.R. 509, 27 S.W.2d 231 (1930). However, and as pointed out in the opinion that reversed appellant's former conviction for the rape offense: "In this case the record shows that the appellant and Norman Gladney kidnapped Rubach and the prosecutrix. The evidence also shows that the appellant was in possession of Rubach's car the day after the rape occurred. However, no witness could place the appellant at the shack where the prosecutrix was raped. Nor could any witness testify as to what the appellant was doing at the time of the rape." (731). The State argues that "the rape and sodomy [which were committed at the second location] were closely interwoven with the robbery and were links in the chain of events surrounding the robbery. Thus, a complaint that the rape and sodomy were inadmissible offenses is totally without merit." The State also argues that "the rape and sodomy were 'foreseeable, ordinary and probable consequences' of the abduction." We are unable to agree with either argument the State makes.

Because we are unable to state that the offense of robbery and the extraneous offenses committed at the second location were sufficiently connected to establish that they were part of one continuous transaction, or that the rape and sodomy offenses were part of the case on trial, or so blended, or closely interwoven therewith, or that the offenses of rape and sodomy were the ordinary, probable, or foreseeable consequences of the abduction, kidnapping, and robbery offenses, which would have warranted the admission into evidence of the latter offenses, we hold that the rape and sodomy offenses should not have been admitted into evidence. E.g., *Moore v. State,* 380 S.W.2d 626 (Tex.Cr.App.1964). Cf. *Smallwood v. State,* 464 S.W.2d 846 (Tex.Cr.App.1971). The clear and complete picture the State had painted for the jury as to the robbery offense became, through the admission into evidence of the extraneous offenses, a marred, blemished, and distorted portrait.

The judgment of conviction is reversed and the cause remanded to the trial court.

ROBERTS, J., concurs.