MARTIN HOCK v. THE STATE.

No. 8279.   Decided April 30, 1924.

1.—Selling Intoxicating Liquor—Bill of Exceptions.

Where two questions were asked the witness and it appeared from the bill of exceptions that objection was made to each which was overruled and the witness permitted to answer, which was not in accordance with the rule, no error is presented.

2.—Same—Charge of Court—Limitation Date of Offense.

As favorable to the appellant and in order to make sure that the latter transaction referred to be not considered by the jury or included in their finding, the trial judge restricted in the charge the consideration of the jury to a time anterior to the sixth of February, there was no reversible error, and the evidence being sufficient the judgment is affirmed.

Appeal from the District Court of Grayson.   Tried below before the Honorable Silas Hare.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State and, *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Grayson County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Two bills of exception appear in the record.   One shows that upon an objection offered, the jury were retired and while absent the witness was interrogated regarding a certain transaction.   Upon the return of the jury two questions were asked the witness by the State's attorney.   It appears from the bill that objection was made to each which was overruled and witness permitted to answer.   The bill is directed at both.   Such practice is not in accordance with the rules. If either question and answer be permissible, such bill would present no error.   One of said questions is as follows: ''And about the 28th, but you did not say that it was the exact date.''   The bill then proceeds ''and over the timely objection of counsel for the defense witness was permitted to answer 'No sir, it was before February, before the 6th of February.' ''   There is no statement of the ground of objection and none that we can properly perceive.   The bill presents no error.

The other exception was reserved to the statement in the charge that if the jury believe that the defendant on or about the 28th day

of January, 1923, and within one year prior to February 6, 1923, in Grayson County, Texas, sold intoxicating liquor to the party named in the indictment they should convict. The allegation of date in the indictment in the instant case was January 28, 1923. Another case was pending against appellant charging him with a similar offense on February 6, 1923. As favorable to the appellant, and in order to make sure that the latter transaction referred to be not considered by the jury or included in their finding herein, the learned trial judge restricted in the charge the consideration of the jury to a time anterior to the 6th of February. Under the facts this would be proper, and if there appear any error in permitting the jury to include a period of limitation which went back further than would otherwise be correct, the error would be harmless in view of the fact that the testimony offered on behalf of the State related solely to a transaction occurring on January 28th. The evidence supported the verdict.

No reversible error appearing, the judgment will be affirmed.

*Affirmed.*