## John King v. The State.

No. 17177.   Delivered January 30, 1935.
Rehearing Denied February 27, 1935.

122

The opinion states the case.

*David E. O'Fiel,* and *J. A. Veillon,* both of Beaumont, and *R. G. Robertson,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for twenty years.

James Staton testified that appellant assaulted him at night and robbed him of twenty dollars. He testified further that at the time of the assault he had only one eye, and that appellant struck him in his good eye and put it out. Appellant admitted that he assaulted Staton but declared that he did not rob him. His testimony was to the effect that he was playing dominoes in a house near his front porch when his sister, Lizzy Lilton, called him and advised him that Staton was hiding in the hedge and making improper advances toward her. Appellants' sister corroborated his version of the transaction. The wife of Staton testified to the fact that he (Staton) had twenty dollars in his possession when he left home on the night of the assault and that when he returned he did not have the money.

Bill of exception No. 1 brings forward appellant's objections to the charge of the court. An examination of the charge leads us to the conclusion that the issues raised by the evidence were adequately submitted.

Bill of exception No. 2 recites that one of counsel for the State, in his closing argument, used language as follows: "This man (meaning the defendant) was out in that little house playing dominoes waiting for James Staton to come so he could rob him and having his coconspirator sitting on the porch and waiting for James Staton to pass so she could signal defendant to come and rob him, and she did signal and call him." It is shown in the bill that counsel was charging Lizzie Lilton, appellant's sister, with being appellant's conconspirator. Lizzie Lilton testified that James Staton came into the hedge near

the porch where she was sitting and asked her to meet him outside; that she called appellant, who was playing dominoes nearby; and that appellant came out and ran the injured party away and after catching him, assaulted him. Staton testified that appellant not only assaulted him but robbed him. We do not deem the argument improper. Counsel had the right to draw reasonable deductions from the testimony. Branch's Annotated Penal Code, sec. 370; Cooper v. State, 137 S. W., 275.

It is shown in bill of exception No. 3 that counsel for the State, over appellant's objection, propounded the following question to Kate James, a witness for appellant: "Is it not a fact that you told this defendant, John King, to get twenty dollars out of James Staton if he had to beat it out of him?" The witness answered in the negative. Further it is shown in the bill that counsel for the State then propounded the following question to the witness: "Is it a fact that James Staton has been keeping you up for a long time and you and his wife had considerable trouble on that account?" Appellant's objection was sustained and the question was not answered. We think the first question was proper. If the witness commanded and advised appellant to commit the offense and was not present at the time of its commission, she was an accomplice. The interest, motives and animus of the witness are not matters collateral to the issue and may be shown. Branch's Annotated Penal Code, sec. 178; Edwards v. State, 172 S. W., 233. It is not necessary to determine whether the second question was proper. The bill is directed at two questions, one of which was proper. We quote the rule laid down in Hock v. State, 261 S. W., 572, as follows: "Upon the return of the jury two questions were asked the witness by the State's attorney. It appears from the bill that objection was made to each which was overruled and witness permitted to answer. The bill is directed at both. Such practice is not in accordance with the rules. If either question and answer be permissible, such bill would present no error."

Bill of exception No. 4 recites that counsel for the State made the following statement in the presence of the jury: "Your Honor, I want to prove by this witness that James Staton was keeping Kate James up, and that it is because James Staton did not give Kate James any more money that the defendant robbed him." The bill fails to show what action the court took when objection was made. It should appear from the bill that the court acted on the objection. 4 Texas Jur., 91.

Bill of exception No. 5 fails to present reversible error.

Appellant's objection to the argument was promptly sustained and the jury instructed not to consider said argument.

It is recited in bill of exception No. 6 that the State was permitted to prove, over appellant's objection, that he was banking a game of dominoes just prior to the time that he was alleged to have robbed Staton. The question propounded to the witness and the answer he gave are not shown in the bill of exception. If we consult the statement of facts we find that it was in evidence that appellant was running the domino hall and that on the occasion of the alleged assault, he and several men were engaged in playing dominoes. In showing appellant's movements immediately prior to the assault it was shown by the State that he gave up his hand in the domino game and delivered to one of the players the money with which "to pay off the game." This testimony was not objected to by appellant. The only statement appearing in the statement of facts in addition to the foregoing is that appellant banked the game. This added nothing to the declaration made by the witness, without objection on the part of appellant, that upon leaving the domino hall appellant left the money with one of the players in order that the winners might be paid. Under the circumstances, the bill of exception fails to reflect reversible error.

Bill of exception No. 7 recites that a physician was permitted to testify, over appellant's objection, that Staton's eyeball had been ruptured and that he was totally blind. Staton testified to the same fact without objection on the part of appellant. Mainfestly, reversible error is not presented by the bill.

Appellant moved to quash the indictment on the ground that the grand jury returning said bill had not been legally selected. The specific complaint was that the court arbitrarily stood aside one or more of the grand jurors selected by the jury commission, notwithstanding they offered no excuse, and selected as a grand juror one who had served on the grand jury at the preceding term of court. The qualification to the bill of exception shows that several of the grand jurors were excused for good cause and that the court then directed the sheriff to summon another citizen; that a grand juror who had served at the preceding term had been suggested to the court as a proper person to serve on the present grand jury, but that the court did not direct the sheriff to summon any particular person at the time said grand juror was summoned. It is not shown that appellant was not in a position to interpose a chal-

lenge to the grand juror at the time the grand jury was impaneled. We think the motion to quash was properly overruled.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In our opinion we discussed each bill of exception. In his motion for rehearing appellant renews complaint of our disposition of each one of said bills. We have again gone over all of same and see nothing calling for further discussion on our part. If there prevails in Jefferson County, Texas, a custom of holding over grand jurors from each outgoing grand jury,—and purposely setting aside persons regularly drawn for grand jury service at the incoming term of court, in order to make room for the use of such member of a discharged grand jury, there would seem ways of complaint of this procedure if illegal by persons aggrieved, other than merely complaints not supported by even claimed injury or prejudice. A mere assertion that such custom prevails gets us nowhere.

The motion for rehearing is overruled.

*Overruled.*