LORENZO SANCHEZ, ALIAS LEE SANCHEZ, V. THE STATE.

No. 19599.   Delivered February 16, 1938.

The opinion states the case.

*Floyd D. James,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is forgery; the punishment, confinement in the penitentiary for three years.

The instrument declared to have been forged is set out in the indictment, as follows:

"Give Lee 3.$\underline{^{00}}$ I will pay you

"J. L. Horne."

The indictment embraces no explanatory averments. In Cagle v. State, 44 S. W., 1097, this court used the following language:

"It may be considered a safe test, if the instrument is such on its face that it imports an obligation in regard to money or property, and will afford the basis of a civil action without resorting to extrinsic testimony, then a charge of forgery can be based thereon without any extrinsic averments. If the instrument is not of that character, but by the aid of extrinsic averments does create an obligation or liability with reference to money or property, then, by the aid of such extrinsic averments, it can be made the subject of forgery. Under this rule it is apparent that a promissory note, a check, draft, or order for money, plain and unambiguous in its terms, is the subject of forgery without any extrinsic averments. If the meaning of the paper itself is not clear, but of doubtful import, then it may be given point by an innuendo, and in such case no extrinsic averment would be necessary, or, it may require both. If, however, the paper is not one of the ordinary instruments used in commercial transactions, but is contractual in form, and depends on extrinsic facts to create a liability, then it would appear that such extrinsic facts must be averred in the indictment."

We think the indictment should have embraced averments showing what was meant by the figures in the alleged forged instrument. Again, we are of opinion that there should have been allegations explaining who Lee was. In short, the instrument is so uncertain on its face that it was necessary to make explanatory averments showing how it came within the forgery statute. In the absence of such averments we are constrained to hold that the indictment is fatally defective. See Pospishel v. State, 255 S. W., 738, and authorities cited.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.