## FREDDIE WHITE V. THE STATE.

No. 23282. Delivered March 13, 1946.

The opinion states the case.

*Joseph W. Taylor* and *Harold Henry,* both of Waco, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of felony theft, and given a sentence of ten years in the penitentiary, and he appeals.

Complaint is made of the indictment herein which charges that Freddie White "on or about the 23rd day of March, A. D. 1945, and anterior to the presentment of this indictment, in the County and State aforesaid, did then and there unlawfully and fraudulently take seventy-two in money of the value of seventy-two dollars, the same then and there being the corporeal personal property of" etc. Evidently the drawer of this indictment meant to charge the theft of seventy-two dollars in money, but left out the word "dollars."

It is argued that the value thereof, which is properly alleged, should controll and allow the word "dollars" to be interpolated in the charge.

Article 403, C.C.P. provides:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient * * *."

It will be noticed that there is no description of what kind of money, but only an allegation of its value. The value allegation being necessary in order to fix the jurisdiction of the court, which it does by classifying the offense as a felony. But what was appellant charged with stealing? Under the statute and rules of pleading he is entitled to know what property he is alleged to have stolen. It is alleged that he fraudulently took money—"seventy-two in money"—but what kind of money? If nickels, dimes, quarters, half dollars, or dollars, there should have been some allegation thereof in order that the statute should be complied with, and the defendant given notice of what he was charged with.

We have recently held in the case of Howk v. State, 135 S. W. (2d) 719, that an allegation of the unlawful acquisition of "personal property of the value of six dollars" was too general an allegation, and the kind and character of the property should have been alleged.

In the case of Sanchez v. State, 113 S. W. (2d) 893, we held inadequate an indictment relative to the forgery of an instrument in writing as follows: "Give Lee 3.00 I will pay you J. L. Horne." In the absence of inuendo averments as to what was meant by the figures "3.00" this indictment was held fatally defective.

In line with the above decisions, and on account of the failure to allege the kind and character of the "seventy-two in money," property claimed to have been stolen, this judgment is reversed and the prosecution ordered dismissed.