JIMMY B. COUSINS V. STATE.

No. 24440. October 26, 1949.
Rehearing Denied Nov. 23, 1949.

*Burks & McNeil,* of Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for theft from the person, with punishment assessed at five years in the penitentiary.

The sole question presented is the sufficiency of the indictment against the attack that the property alleged to have been taken was not sufficiently described.

As to this, the indictment described the property stolen as "money of the United States of America." No further description as to the kind, quantity, or value of the money was alleged.

Theft from the person (Arts. 1437 and 1438, P. C.) and theft in general (Art. 1410, P. C.) are related offenses. The distinguishing features are that in theft from the person the property must be taken from the person and the value of the property taken does not enter into the offense; in other particulars the two offenses are similar.

The term "money," as used in relation to the crime of theft, has been judicially defined as legal tender coins or legal tender currency of the United States. Lewis v. State, 28 Texas App. 140, 12 S. W. 736; Otero v. State, 30 Tex. App. 450, 17 S. W. 1081. Such, also, is the definition of that term as commonly known and understood.

Art. 1418, P. C. provides that, in relation to the crime of theft, property includes money by name, without reference to the kind, value, or denomination.

Under Art. 403, C. C. P., a general designation of property by name in an indictment is sufficient.

It is apparent, therefore, that the instant indictment, in describing the property as money, by that name, is sufficient— especially in view of the fact that the offense of theft from the person, in so far as the property taken is concerned, is complete with the taking of any legal tender coin or currency of the

United States of America, without reference to value. Guyon v. State, 89 Tex. Cr. Rep. 287, 230 S. W. 408, 410.

The cases of White v. State, 149 Tex. Crim. Rep. 218, 193 S. W. 2d 218, and Matthews v. State, 39 Tex. Cr. R. 553, 48 S. W. 189, in so far as they may conflict either directly or by application with the conclusion here reached, are hereby expressly overruled.

The judgment of the trial court is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's attorney has filed a very insistent motion for rehearing. The original opinion treats all of the matters discussed in the motion. Ordinarily, under such circumstance, the motion for rehearing would be overruled without written opinion. The motion now before us, however, is prepared with unusual care and it is not without logic.

That there has been conflict of decisions in the past was recognized in the original opinion. The two authorities upon which appellant chiefly relied were discussed and, we think, were correctly disposed of in the concluding paragraph of the opinion.

Indictments must be drawn so as to inform the accused of the offense with which he is charged. It is also the basis for the admission of evidence. In the case now before us it is immaterial what kind of money or how much was taken. The punishment fixed by statute is the same for a penny as for fifty dollars. It was not necessary that the state prove how much or what kind of money was taken. Under the rules of pleading, both civil and criminal, it should not be necessary to plead something that the state was not required to prove.

This gives us a logical distinction between a case of theft, from the person and the various other kinds of theft of the character discussed in appellant's motion. While we recognize the force of the motion, we are unable to reach the conclusion which appellant contends for.

The motion for rehearing is overruled.