For the reasons heretofore stated, the judgment is affirmed.

**James William HERRING, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 41261.**

Court of Criminal Appeals of Texas.

May 15, 1968.

Rehearing Denied July 10, 1968.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Houston, Phillis Bell and Ray Montgomery, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

Appellant was convicted of the offense of burglary and his punishment assessed at confinement in the Texas Department of Corrections for a term of eight years.

Trial was before the court, a jury being waived, upon appellant's plea of guilty.

This is a companion case to Wallace v. State, 429 S.W.2d 145.

The sole ground of error relied upon by appellant is the same as that overruled by this court in affirming the judgment of conviction in Wallace v. State, supra.

For the reasons heretofore stated, the judgment is affirmed.

**Bernita Moore LAWHON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41339.**

Court of Criminal Appeals of Texas.

June 19, 1968.

Rehearing Denied Sept. 16, 1968.

Charles W. Tessmer, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Dallas, Al Walvoord, Douglas Mulder, Malcolm Dade and James M. Williamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is embezzlement; the punishment, five years.

■ Appellant's first ground of error is that even though there was no motion to quash the indictment that nevertheless it fails to charge an offense because of the absence of the dollar mark preceding the phrase "108.36 current money of the United States of America of the value of over $50.00." Reliance is had upon the opinions of this Court in White v. State, 149 Tex. Cr.R. 218, 193 S.W.2d 218; Bledsoe v. State, 151 Tex.Cr.R. 575, 210 S.W.2d 165, and Sanchez v. State, 133 Tex.Cr.R. 634, 113 S.W.2d 893. In White, supra, the allegation was "seventy-two in money of the value of seventy-two dollars." The State contends that White, supra, was overruled by Cousins v. State, 154 Tex.Cr.R. 5, 224 S.W.2d 260. While we agree with appellant that since Cousins, supra, was a case of theft from the person, it does not effectively overrule White, supra, we must call attention to our opinion in Mason v. State, 167 Tex.Cr.R. 516, 321 S.W.2d 591, which does not mention White v. State, supra, but by its holding, necessarily overrules the same. In Mason, supra, we said the allegation "money of the United States of America of the value of more than $50.00" was a sufficient description.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error is twofold. He first contends that there was a variance between the allegation in the indictment and the proof. Reliance is had upon the opinion of this Court in Easley v. State, 167 Tex.Cr.R. 156, 319 S.W.2d 325, and he points to the fact that the indictment charged that Claude G. Miller was the owner of the property which was embezzled, while Miller testified that even though he had care, control and management of the "monies" of the corporation of which he was president, that they belonged to his corporation. This is the most difficult question in this case. An examination of the record in Easley, supra, reveals that the Court failed to charge on special ownership, while in Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319, and in the case at bar, the Court told the jury that they might not convict unless they found

that the president of the company had the care, control and management of the funds in question. This distinction we have concluded removes this case from the operation of the rule expressed in Easley v. State, supra, and places it in the category of the rule in Bradford v. State, supra. Roberts v. State, Tex.Cr.App., 377 S.W.2d 656, also cited by appellant, also has no application to the case at bar because in that case the alleged owner of the stolen sheep testified that he had lost some sheep but would not identify the hide introduced in evidence as having come from one of his sheep.

■ The second phase of appellant's ground of error is that the evidence fails to establish that a fiduciary relationship existed between appellant and Miller. While Miller and his employer, Mrs. Dorris, may have disagreed as to who hired appellant, the fact remains that Miller was the active president of the corporation, that appellant worked for the corporation and Miller had the care, custody and control of the money which was embezzled.

We overrule appellant's second ground of error.

■ Appellant's third ground of error is that the Court erred in permitting the State to introduce into evidence a statement made by appellant while under arrest.

Freeman v. State, 172 Tex.Cr.R. 144, 354 S.W.2d 141, relied upon by appellant, can have no application to the case at bar because when the objection was originally made the Court retired the jury without ruling on the objection. When the jury was recalled and the question again propounded to the witness, no objection was interposed. In King v. State, 128 Tex.Cr. R. 121, 79 S.W.2d 125, this Court said "It should appear from the bill that the court acted on the objection." In Yaffar v. State, 171 Tex.Cr.R. 341, 349 S.W.2d 730, we said "In order to preserve any error, it became incumbent upon appellant to state his objection and *secure a ruling from the court*. 5 Tex.Juris.2d, p. 47."

■ Appellant's last contention is that the Court erred fundamentally in his charge by telling the jury that they might consider evidence of extraneous offenses in determining whether the appellant possessed the fraudulent intent to commit the offense of embezzlement charged in the indictment. No complaint is lodged as to other offenses of embezzlement from the same company, but since appellant had volunteered the information that she had been convicted of failing to stop and render aid, appellant contends that the Court, on his own motion and without exception or requested charge should have excluded this unrelated offense in his charge. While it would have been desirable for the Court to have so charged, we do not, in the absence of an objection, find reversible error.

Finding no reversible error, the judgment is affirmed.

WOODLEY, P. J., concurs with result.