Albert H. CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 48544.

Court of Criminal Appeals of Texas.

June 5, 1974.

Rehearing Denied June 26, 1974.

John Mustachio, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Sam Robertson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

REYNOLDS, Commissioner.

The appealed conviction is for embezzlement committed on or about May 5, 1971. The punishment, following a jury finding that appellant had been convicted of two prior non-capital felony offenses, was fixed at life imprisonment under Article 63, Vernon's Ann.P.C.

In the enhancement portion of the indictment, it was alleged that appellant had two prior final felony convictions, one on April 20, 1962, and the other on December 4, 1969. Declaring his right to appeal pro se without renouncing the contention asserted by his appointed appellate counsel, whom appellant declares he has discharged, appellant complains that his 1969 conviction was not a final conviction at the time of the May 5, 1971 embezzlement offense for which he was convicted.

The State introduced documents respecting the 1969 conviction, together with the mandate issued by this court certifying that such conviction was affirmed on April 7, 1971. This evidence was not objected to on the ground that the conviction had not become final on May 5, 1971, the date of the primary offense alleged. Appellant offered no evidence to refute the proof of the finality of his 1969 conviction prior to May 5, 1971.

By his supplemental pro se brief filed in this court, appellant submits for the first time that his 1969 conviction was not final on May 5, 1971. He states that, following the affirmance of his 1969 conviction by this court, he timely filed in the United States Supreme Court a petition for writ of certiorari which was not denied until December 20, 1971, at 404 U.S. 1001, 92 S. Ct. 567, 30 L.Ed.2d 554, and his motion for rehearing thereon was not denied until January 17, 1972, at 404 U.S. 1054, 92 S.Ct. 718, 30 L.Ed.2d 743. Relying on Webb v. Beto, 457 F.2d 346 (5th Cir. 1972), appellant argues that since this 1969 conviction was on appeal to the United States Supreme Court until January 17, 1972, it was not a final conviction prior to May 5, 1971, the date of the primary offense charged against him.

It is, of course, axiomatic that if an appeal has been taken from a judgment of guilty in the trial court, that conviction does not become final until the trial court judgment has been affirmed by the appellate court; and, before a prior conviction may be relied on for enhancement in a subsequent case, the prior conviction must have become final prior to the commission of the offense in the subsequent case. Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d 219 (1937). Nevertheless, under the facts shown in this record, the

ground of error set forth in appellant's pro se brief does not present reversible error.

■ When the State offered its proof of the appellate affirmance on April 7, 1971, of appellant's 1969 trial court conviction, a prima facie showing was made of the finality of that conviction prior to the alleged primary offense on May 5, 1971. At that point, appellant had the burden of proof to refute the finality of such conviction. Malone v. State, 466 S.W.2d 310 (Tex.Cr.App.1971). Appellant did not discharge his burden. He neither objected to the State's proof of his prior final 1969 conviction on the ground that it was not final prior to May 5, 1971, nor offered any evidence that such conviction was on appeal at the time of the commission of the primary offense for which he was convicted. Furthermore, the appellate record is devoid of any evidence either that a timely petition for writ of certiorari was filed to review the affirmance of the 1969 conviction or that the record of denial of writ of certiorari was in connection with such conviction. Under these circumstances, appellant may not wait until the appeal to complain that all procedural requirements were not satisfied, Lewis v. State, 501 S.W. 2d 88 (Tex.Cr.App.1973), particularly by merely alleging, without more, a timely petition for and the denial of a writ of certiorari. The ground of error contained in appellant's pro se brief is overruled.

The gist of the unrenounced contention advanced by appellant's appointed appellate counsel, who insists he still is attorney of record, is that there is a fatal variance between the allegation in the indictment that the allegedly embezzled money belonged to Andrew Dolce and the proof that the money in question was payment for products sold by a corporation. A statement is required.

The State's proof was that Andrew Dolce was the president of Consolidated Productions, Incorporated, a seller of plastic toys and animals, and that appellant was employed as a sales representative for that corporation, by virtue of which, so Dolce testified, appellant became his agent. Appellant's duties consisted of calling on and securing orders for the plastic items from schools and related organizations interested in selling the items in fund raising projects. Generally the orders secured were entered on an order form on which there was a prominently printed notice that all checks were to be made payable to Consolidated Productions, Inc.

Some of the checks issued in payment for orders secured by appellant were made payable to and received by Consolidated Productions, Inc.; however, other checks were made payable to either the corporation and appellant or to appellant and were received by appellant. These latter checks were deposited in a bank account and withdrawn by appellant; the proceeds from these checks were not received by the corporation. The office manager of the corporation testified that all payments should have been remitted to the corporation, and that as a result of appellant's activities, the corporation sustained a loss of approximately $40,000. Andrew Dolce testified that, although appellant had authority to receive the checks in his capacity as agent and remit the money to the corporation, he did not give appellant authority or permission to convert the checks to his own use and benefit. Dolce was not asked if, and he did not testify that, he was the owner of the money alleged to have been embezzled by appellant, or that, as president of the corporation, he had the care, control and management of such funds.

In brief, the trial court charged the jury to find appellant guilty if they found that appellant was the agent and employee of Andrew Dolce and that he did embezzle and convert to his own use without the consent of Dolce the money belonging to Dolce that had theretofore come into the possession of appellant by virtue of his employment as such agent and employee.

**326**

Having alleged ownership of the money to be in Andrew Dolce, the State was required to prove that essential allegation, Easley v. State, 167 Tex.Cr.R. 156, 319 S.W.2d 325 (1959), although proof that Dolce was a special owner, under a proper charge of special ownership, would have been sufficient. Lawhon v. State, 429 S. W.2d 147 (Tex.Cr.App.1968). The State maintains that the proof shows Dolce was the special owner of the funds and that the jury was charged accordingly so as to bring this case within the rule of *Lawhon*. We do not agree.

In *Lawhon,* as here, the indictment alleged ownership of embezzled funds to be in an individual whom the proof showed to be the president of a corporation; but, in *Lawhon*, the proof showed further that the individual named in the indictment, as president of the corporation to which the embezzled funds belonged, had the care, control and management of the funds, and the court charged the jury that they might not convict unless they found that the president did have the care, control and management of the funds. Here, the only evidence of ownership of the funds in question is the testimony that such funds should have been remitted to the corporation; there is no proof that Dolce either owned the funds or that, as president of the corporation, he had the care, control and management of such funds. Moreover, the court did not give a charge on special ownership.

The State having failed to prove its allegation of ownership of the funds in question, a reversal of the conviction must follow. Easley v. State, supra. The ground of error submitted by appointed appellate counsel, whom appellant says cannot adequately represent him in this appeal, is sustained.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.