**Robert Woodrow FARMER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 52152.

Court of Criminal Appeals of Texas.

Sept. 15, 1976.

Richard E. Banks, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., John Tatum and Brian Blessing, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant in a trial before the court was convicted of the felony offense of escape and his punishment was assessed at six (6) years in the Texas Department of Corrections.

Appellant was arrested and jailed in Dallas for the offense of unauthorized use of an automobile which had been stolen in Garland. W. E. Heeter, a Garland Police Officer, went to Dallas and transported appellant from the Dallas jail to the Garland jail where appellant was booked for unauthorized use of an automobile. Shortly before noon the next day Heeter went to the Garland jail which was in the basement. He removed appellant from his jail cell and took appellant to an interrogation room on the first floor of the building. Appellant was dressed in white jail coveralls. After obtaining a written statement from appellant, Heeter stepped into the next room to obtain a civilian to witness the signing of the statement by appellant. As Heeter left the interrogation room he heard a door slam, and upon looking back into the room appellant was no longer in it. Heeter ran into the hall and saw appellant going out the back door of the building. Heeter called for appellant to halt but appellant ran from the building and across the lawn and entered a drainage ditch. Heeter and an Officer Sullivan chased appellant down

the ditch and finally apprehended him about 200 yards from the jail building. At his trial appellant stipulated in writing that he was arrested in Dallas for unauthorized use of a motor vehicle and remained under arrest for this offense while in the custody of Officer W. E. Heeter.

Appellant's first ground of error asserts that "the indictment charging appellant with unlawful escape was substantially defective in that it did not allege the capacity of W. E. Heeter and thus did not provide notice to appellant of the offense alleged . . . . . ."

V.T.C.A. Penal Code, Sec. 38.01(2), defines custody:

"'Custody' means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of the court."

Since the indictment alleged that appellant escaped from the *custody* of W. E. Heeter, by its legal definition appellant was put on notice that Heeter was either a peace officer or a public servant acting pursuant to an order of the court.

Although it would probably be better form to allege the capacity of the custodian, we decline to hold that the failure to so allege renders the indictment fatally defective. Appellant's first challenge of the sufficiency of the indictment on appeal comes too late. *American Plant Food Corp. v. State*, Tex.Cr.App., 508 S.W.2d 598; *Green v. State*, 533 S.W.2d 769. Additionally, appellant's contention that the indictment failed to put him on notice as to the capacity of Heeter is refuted by his stipulation that he was in the custody of Officer W. E. Heeter.

Finally, appellant contends that V.T.C.A. Penal Code, Sec. 38.01 is unconstitutionally vague. The constitutional requirement is that the language conveys a sufficient warning as to the proscribed conduct when measured by common understanding and practices. *United States v. Petrillow*, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877. Appellant's stipulation that he was

arrested by and in the custody of Officer W. E. Heeter clearly negates his contention.

The judgment is affirmed.

Opinion approved by the Court.