**Richard Rudolph HERRIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52769.**

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Rehearing Denied March 24, 1977.

Paul R. Lawrence, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for felony theft. V.T.C.A. Penal Code, Sec. 31.03. The court assessed punishment at seven years.

An examination of the record reveals that the indictment is fatally defective. The indictment alleges that the defendant:

"did then and there unlawfully exercise control of property, namely, money and one truck, of the value of over ten thousand dollars, with the intent to deprive the owner, J. W. Maxcey, of the property."

For the reasons stated in *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1977), decided this day on rehearing, this indictment is fundamentally defective. See also *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr. App.1976), opinion on rehearing delivered November 10, 1976, and *Johnson v. State*, 547 S.W.2d 599 (Tex.Cr.App.1977).

The judgment is reversed and the prosecution is ordered dismissed.

DOUGLAS, Judge, dissenting.

The majority orders the cause reversed and the prosecution of Herrin dismissed on the ground that the indictment is fundamentally defective. He waived a jury and entered a plea of guilty in May of 1975. He swore to the following stipulation of evidence:

"On January 1, 1975 in Harris County, Texas, I did then and there unlawfully exercise control over property, namely, money and one truck, of the value of over ten thousand dollars, with the intent to deprive the owner, J. W. Maxcey, of the property."

The judge assessed his punishment at seven years. In his brief on appeal, he only contends that the evidence is insufficient to support the conviction. He knew what he was charged with and he has not to this day complained that the indictment is defective.

The indictment charged theft under the terms of V.T.C.A., Penal Code, Section 31.-03. It should be held sufficient for the reasons set forth in the dissenting opinions in *Ex parte Cannon*, 546 S.W.2d 266 (Tex. Cr.App.1976), and *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1976). See also the concurring opinion in *Jones v. State*, 545 S.W.2d 771 (Tex.Cr.App., Motion for Rehearing, January 26, 1977).

The opposite result from the intent of the Legislature in adopting the present Penal Code is being reached by the majority. Pleadings as construed by the majority under its present holdings have to be more detailed than they were before the adoption of the Code. One of the main arguments for its adoption was that the new Code would have more general provisions concerning theft or other wrongful taking of property and there would not be the minute differences between theft, theft by bailee, theft by false pretext and embezzlement under the former Code. Under the holdings of the majority the number of ways of committing theft have multiplied with geometric progression. Many of the cases that have been and will be reversed and the prosecutions ordered dismissed are those in which the defendant knew what he was charged with and did not even contend that the indictment was defective or that he did not have notice of the offense for which he was charged.

The Legislature might wish to consider appropriate changes in the Code of Criminal Procedure.