Robert Alexander **JOHNSON**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 51740.

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Rehearing Denied March 24, 1977.

W. C. Wiebusch, Buck C. Miller, on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, Don R. Strickland, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for felony theft under our new Penal Code. Punishment was assessed by the court at five years, probated.

Appellant's sole ground of error reads as follows:

"The Court erred in overruling Defendant's Exceptions to the Indictment in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States of America, Article I, Section 10, of the Constitution of Texas and Articles 1.05 and 21.11, Texas Code of Criminal Procedure, in that the allegations in the indictment failed to state the nature and cause of the accusation against Defendant; specifically, Defendant was unable to determine from the face of the indictment whether he would have to prepare his defense to exercising control over property without the owner's effective consent *or* the property was stolen and the Defendant exercised control over the property obtained by another knowing it was stolen."

We agree. In *Ex Parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976), opinion on rehearing, delivered November 10, 1976, we held that an indictment charging burglary with intent to commit theft must either allege such that the entry was "with intent to commit theft" or allege the constituent elements of theft. We further held that in order to allege theft under V.T.C.A., Penal Code, Sec. 31.03, the State must allege how the taking was unlawful; that is, the charging instrument must specifically set out one of the two unlawful methods of taking under Section 31.03(b).

The indictment in this case alleges that the defendant:

"did then and there unlawfully exercise control over property, namely, one stereo, one lawnmower, one kettle cooker, of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the owner, Steven George, of the property."

The indictment clearly fails to allege whether the appellant exercised control of the property without the owner's effective consent, as required by Section 31.03(b)(1), or whether he exercised control over the property obtained by another, which was stolen property, knowing it was stolen, as required by Section 31.03(b)(2). The indictment is therefore fundamentally defective. *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1977), decided this day on rehearing.

The State argues that there are not two unlawful ways of committing theft under this indictment, but "approximately 112." The State then directs us to the definitions in V.T.C.A., Penal Code, Sec. 31.03, among other things, and suggests that each must be pleaded where applicable.

As we noted in *Baldwin v. State*, 538 S.W.2d 109, 111 (Tex.Cr.App.1976):

"Ordinarily an indictment which charges an offense in the terms of the statute is sufficient."

However, see also 1 Branch's Ann.P.C., 2d ed., Sec. 514, p. 496:

"It is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the Legislature or from the application of known principles of law. [omitting citations]"

We do not believe that Legislative intent or known principles of law require that an indictment or information go beyond the language of the theft statute, as the State contends.[1] Cf. *Lucero v. State*, 502 S.W.2d 128 (Tex.Cr.App.1973) (case 1); *Bouie v. State*, 528 S.W.2d 587 (Tex.Cr.App.1975); *Page v. State*, 532 S.W.2d 341 (Tex.Cr.App. 1976). However, as we held in *Cannon* and *Reynolds*, the indictment must allege all of the elements of whatever method of theft the State seeks to prove.

For the reasons stated, the judgment is reversed, and the prosecution is ordered dismissed.

DOUGLAS, Judge, dissenting.

The indictment should be held sufficient for the reasons set forth in the dissenting opinions in *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976); *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1976); *Herrin v. State*, 547 S.W.2d 598 (Tex.Cr.App., this day decided). See also the concurring opinion in *Jones v. State*, 545 S.W.2d 771 (Tex. Cr.App.1975, motion for rehearing, January 26, 1977).

---

[1] Of course, the State is still required to allege the location and date of the offense, the name of the complainant, and a particular description of the property, including its value; this is in accord with the provisions of our Code of Criminal Procedure and well-established principles of law. See Arts. 21.02–21.04, 21.09, V.A. C.C.P.; *White v. State*, 149 Tex.Cr.R. 218, 193 S.W.2d 218 (1946); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975); *Moore v. State*, 532 S.W.2d 333 (Tex.Cr.App.1976).