**Guylon Barner ROWL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52266.**

Court of Criminal Appeals of Texas.

March 9, 1977.

John C. Connolly, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of escape, a third degree felony. Punishment was assessed at two (2) years.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by advancing one contention which counsel says might arguably support the appeal. See *Gainous v. State,* 436 S.W.2d 137 (Tex.Cr.App.1969); *Jackson v. State,* 485 S.W.2d 553 (Tex.Cr. App.1972); *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974). A copy of counsel's brief has been delivered to appellant and appellant has been advised that he would be given an opportunity to examine the appellate record and that he had a right to file a pro se brief. No pro se brief has been filed.

The record reflects that appellant was substantially admonished of the consequences of his plea pursuant to Art. 26.13, Vernon's Ann.C.C.P., and appellant made a judicial confession admitting his guilt.

Appellant's arguable contention on appeal is that the indictment in this case is fundamentally defective. The pertinent part of the indictment alleges that the appellant:

> "did then and there unlawfully having been charged with the offense of Retaliation, intentionally and knowingly escape from the custody of R. L. Morgan."

Since the offense of retaliation is a felony, V.T.C.A., Penal Code, Sec. 36.06, this indictment substantially charges, *in the language of the statute,* the felony offense of escape.

However, counsel urges that the indictment "is fatally defective in that R. L. Morgan, from whose custody Defendant was indicted for escaping, is not identified in said indictment as a person who properly could have had Defendant in his custody. In other words, the indictment fails to iden-

tify R. L. Morgan as a Peace officer, or other person who properly would have had Defendant in his custody . . ."

Clearly, counsel is relying on the definition of "custody" provided in V.T.C.A., Penal Code, Sec. 38.01. That section provides in part:

"Sec. 38.01. *Definitions*

"In this chapter:

\*　\*　\*　\*　\*　\*

"(2) 'Custody' means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court."

Counsel's argument, stated simply, is that an indictment for escape must allege this definition of the statutory term "custody."

Appellant's arguable contention was answered adversely to him in *Farmer v. State,* 540 S.W.2d 721 (Tex.Cr.App.1976). However, we now take the opportunity to state further reasons for our holding in *Farmer* and our decision in the case at bar.

We repeat what we said in *Johnson v. State,* 547 S.W.2d 599 (Tex.Cr.App.1977).

"As we noted in *Baldwin v. State,* 538 S.W.2d 109, 111 (Tex.Cr.App.1976):

'Ordinarily an indictment which charges an offense in the terms of the statute is sufficient.'

"However, see also 1 Branch's Ann.P.C., 2d ed., Sec. 514, p. 496:

'It is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the Legislature or from the application of known principles of law.' "

The indictment in this case follows the language of the escape statute.[1] As in *Johnson,* we see no reason for concluding that Legislative intent or known principles of law require that the State plead more than the language of this statute. Cf. *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr.App.1973) (case 1); *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App.1975); *Page v. State,* 532 S.W.2d 341 (Tex.Cr.App.1976).

1. We do not recommend this indictment as a model for future pleading, however. See the

See *Ex parte Cannon,* 546 S.W.2d 266 (Tex. Cr.App.1976); opinion on rehearing delivered November 10, 1976, and *Brown v. State,* 535 S.W.2d 640 (Tex.Cr.App.1976).

The judgment is affirmed.

DOUGLAS, Judge, concurring.

The writer is of the opinion that the indictment is sufficient for the reasons stated in the dissenting opinion on motion for rehearing in *Victory v. State,* 547 S.W.2d 1 (Tex.Cr.App., this day decided).

more carefully drafted indictment in *Booker v. State,* 523 S.W.2d 413 (Tex.Cr.App.1975).