Dwight E. EARLS, Appellant,

v.

STATE of Texas, Appellee.

No. A14–81–745CR.

Court of Appeals of Texas,
Houston (14 Dist.).

Aug. 19, 1982.

Rehearing Denied Sept. 23, 1982.

Discretionary Review Granted
Dec. 22, 1982.

Stephen Doggett, Richmond, for appellant.

Bernard Hobson, Richmond, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for theft from the person. Trial was to a jury who found the appellant guilty of the offense and assessed his punishment at ten years incarceration and a five thousand dollar fine. Appellant brings nine points of error. We affirm.

In ground of error one appellant asserts that the trial court erred in excusing for cause juror number eighteen, Ardath Wright Rogge. During the voir dire of the jury panel, the State discussed the meaning of fear as an element of robbery, namely that the law would not require that someone would have to panic to the extent of losing control in order to establish that person was in fear of imminent bodily injury. Ms. Rogge indicated that she disagreed with the State's definition of fear, stating in her conference before the bench that she felt that the use of a weapon by the accused at the time of the offense would be necessary for her to find the victim was in fear of imminent bodily injury. Based on Ms. Rogge's difficulty in answering these questions the trial court sustained the State's challenge for cause. The trial court determined that Ms. Rogge would have trouble following the law, and would therefore deny the State a fair and impartial trial.

The appellant relies on *Burkhalter v. State,* 93 Tex.Cr.R. 504, 247 S.W. 539 (Tex. Cr.App.1922) and *Gonzalez v. State,* 169 Tex.Cr.R. 49, 331 S.W.2d 748 (Tex.Cr.App. 1960), for the proposition that a prospective juror may be retained when he states he can lay aside any opinion which he may have formed. In both of these cases cited by appellant, however, the juror was not struck for cause and the defendant was forced to take an objectionable juror.

■ The trial court has the authority to decide all challenges without delay. Tex. Code Crim.Pro.Ann. art. 35.21 (Vernon 1966). It has long been held that great discretion is vested in the trial court in passing on the qualifications of a juror. *Sullenger v. State,* 79 Tex.Cr.R. 98, 182 S.W. 1140 (Tex.Cr.App.1916); *Roy v. State,*

627 S.W.2d 488 (Tex.Cr.App.1981); *Villarreal v. State,* 576 S.W.2d 51 (Tex.Cr.App. 1978). The trial court has the discretion to either retain a juror who can lay aside an opinion or sustain a challenge for cause. In order for this court to hold that a trial court has abused its discretion, an appellant must show on appeal that he was injured by such action. *McCary v. State,* 477 S.W.2d 624 (Tex.Cr.App.1972); *Hernandez v. State,* 506 S.W.2d 884 (Tex.Cr.App.1974). Although appellant contended that he was being denied a fair and impartial juror, appellant did not complain at trial or on appeal that he was denied a fair and impartial jury. "The court has consistently held that in order to complain of the exclusion of a qualified juror or inclusion of an allegedly disqualified juror, the appellant must show he was injured or forced to proceed with an objectional juror." *Brown v. State,* 508 S.W.2d 91, 95 (Tex.Cr.App.1974). Appellant did not make this showing. Under the circumstances we can perceive no abuse of discretion. Appellant's first ground of error is overruled.

■ Appellant, in his second ground of error, contends that the trial court erred in failing to sustain an objection to the State's committing the jurors to the set of facts that a robbery victim did not have to panic, lose control or become hysterical to be in fear of bodily injury. The Court of Criminal Appeals in *Etzler v. State,* 143 Tex.Cr.R. 327, 158 S.W.2d 495, 496 (Tex.Cr.App.1941), stated that if under the circumstances and conditions surrounding the transaction the person has a reasonable belief that he may suffer injury unless he complies with the robber's request, the fear required by the law is present. See also *Adams v. State,* 172 Tex.Cr.R. 130, 354 S.W.2d 147, 151 (Tex. Cr.App.1961) wherein the holding of *Etzler v. State* is reaffirmed. Appellant's second ground of error is overruled.

■ Appellant contends in his third ground of error that the trial court erred in failing to grant appellant's motion to dismiss for failure to afford a speedy trial as required by Tex.Code Crim.Pro.Ann. 32A.02 (Vernon Supp.1981). That statute provides that the court shall grant a motion to set aside an indictment if the state is not ready for trial within one hundred twenty days of the commencement of a criminal action if the defendant is accused of a felony as in the present case. The record reflects that appellant was arrested on February 14, 1981, and indicted March 3, 1981. The State announced ready on March 20, 1981. A declaration by the State of its readiness for trial is a prima facie showing of conformity to the Speedy Trial Act that can be rebutted by evidence submitted by a defendant demonstrating that the State was not ready for trial during the Act's time limits. *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Cr.App.1979).

Appellant's pro se motion for a speedy trial was filed on July 9, 1981. At the hearing on the motion to dismiss on July 10, 1981, the prosecuting attorney stated that he was ready to try the case on March 20, 1981, and at all times since that date, and this being a "straight forward robbery case," all investigation had been completed shortly after appellant's arrest. Appellant argues that the State's statement of readiness was rebutted because the State had not talked to the witnesses before the trial and the State's witnesses were not present at the March 20th setting. Furthermore, appellant argues that the State had not issued subpoenas.

■ The prosecuting attorney stated at the hearing on the motion to dismiss that it was his practice to contact the witnesses by telephone shortly before trial if there were witnesses and they were all available locally as was the situation in the instant case. He also stated that in the case at bar, where the appellant was apprehended at the scene of the crime, and there was an eye witness, he did not deem it necessary to confer with the witnesses extensively prior to trial. He also had the statement of the witnesses. Therefore, appellant's assertions that the State had not talked to the witnesses before trial, that the witnesses were not present, or that subpoenas were not issued do not rebut the presumption that the State was ready. Further, even such testimony of the

appellant was sufficient to rebut the presumption, the explanation of the State was sufficient to demonstrate a readiness for trial. That being the case, we find that the requirements of the Speedy Trial Act were fulfilled in that the State's announcement of ready on March 20, 1981, and the State's statement that it was ready all times since demonstrates that it was ready within 120 days of the date of arrest. Appellant's third ground of error is overruled.

In ground of error four appellant asserts that the trial court erred in failing to grant his motion to quash the indictment. The indictment for robbery reads in pertinent part as follows:

> Dwight E. Earls ... while in the course of committing theft and with intent to appropriate property of Van Anh Thi Phan, to wit: $60.00 cash money, without the effective consent of the owner Van Anh Thi Phan, a person who individually and with her capacity as clerk for U-To-Tem Store ¶ 202 has a greater right to possession of said property than Dwight E. Earls, and with intent to deprive the said Van Anh Thi Phan of said property did then and there intentionally and knowingly place Van Anh Thi Phan in fear of imminent bodily injury.

Appellant contends that the indictment by alleging appropriation of property does not conform to the definition of robbery pursuant to Tex.Penal Code Ann. § 29.02 (Vernon 1974) which states that a person commits an offense under that section if he acts with intent to obtain or maintain control of the property.

■ "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words." Tex.Code Crim.Pro.Ann. art. 21.17 (Vernon 1966). The exact words of the statute need not be alleged when the allegations are not materially different. *Nixon v. State*, 572 S.W.2d 699, 702 (Tex.Cr.App. 1978); *Church v. State*, 552 S.W.2d 138 (Tex.Cr.App.1977).

"Appropriate" means "(a) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or (b) to acquire or otherwise exercise control over property other than real property." Tex. Penal Code Ann. § 31.01(5) (Vernon Supp. 1982). "Obtain refers to the initial portion of exercising control; maintain refers to the continuation of exercising control." *Nixon v. State, supra*, 572 S.W.2d at 702. In *Taylor v. State*, 599 S.W.2d 831 (Tex.Cr. App.1980), the Court of Criminal Appeals considered whether fundamental error attends a charge of the court which omits the specific intent element of robbery alleged in the indictment. The court stated that where the charge elsewhere instructs the jury that "appropriate" means "to acquire or otherwise exercise control over real property" the charge is not fundamentally defective. *Taylor v. State, supra* at 835. Moreover, the court went on to state, " 'obtain or maintain control' is so 'substantially similar' in meaning to 'appropriate' that the instant charge is not fundamentally erroneous." *Taylor v. State, supra; Thomas v. State*, 605 S.W.2d 290 (Tex.Cr.App.1980).

In the instant case the indictment, rather than the charge, used the terms "with intent to appropriate." However, the reasoning employed by the Court of Criminal Appeals in *Taylor* is equally applicable here:

> In these circumstances the problem is not what "appropriate", as conduct, means as used in Chapter 31, but whether it and an accompanying definition, as intent, may properly serve as a substitute for "obtain or maintain" in the charge of the court. *We are perfectly satisfied that, as a matter of discerning intent with which an act is done, "to acquire or otherwise exercise control over property" is so similar to "obtain or maintain control of property," given the ordinary meaning of the essential words in both phrases, that there is no significant difference in meaning.* (Emphasis added.)

*Taylor v. State, supra*, 599 S.W.2d at 835. In the instant case, the language "with intent to" preceding the word "appropriate" further brings it within the rationale of *Taylor*.

■ Furthermore, the court has held that where the indictment substitutes the phrase "with intent to exercise control over property" the words are sufficiently similar and no material difference exists. *Nixon v. State, supra* at 702. Although we do not find the indictment to be a model indictment, and the better practice would be to track the language of the statute in this respect, we find that the terms "appropriate" and "obtain or maintain control" are substantially similar so as not to bring the indictment within any of the forbidden classifications. Appellant's fourth ground of error is overruled.

Appellant, in his fifth ground of error, argues that the evidence is insufficient to support a conviction for theft from a person in two respects. The first of these is the failure of the complainant to identify the appellant as the perpetrator of the offense. The record reflects that the complainant, a cashier at the store that was robbed, identified one of the jurors as the man who had robbed her.

The evidence shows that the appellant was arrested at the scene of the robbery when, during the course of the robbery, the complainant took a bill from the cash register that triggered a silent alarm. The complainant testified that no other customers were in the store at the time of appellant's arrest or during the entire episode. The complainant further testified that the robber was a black man wearing white pants.

The arresting officers testified that when they arrived at the scene, appellant, a black male, was the only man in the store and was wearing white pants at the time of the arrest. Furthermore, appellant had the fruits of the robbery, sixty dollars in cash and cigarettes, on his person when they arrested him. They positively identified appellant as the man they arrested and who was pointed out by the complainant in the store on the night of the robbery.

■ The complainant's in-court misidentification of a juror is the only inconsistency in the testimony. This error was overcome by the testimony of the arresting officers that the appellant was the same person they arrested at the scene and the same person pointed out to them by the complainant as the robber. The fact that the complainant failed to identify appellant on one occasion goes only to the weight to be given the identification evidence. *Wilson v. State,* 581 S.W.2d 661, 665 (Tex.Cr.App. 1979). We conclude there was sufficient evidence based on the identification of the appellant by the officers and the circumstances of appellant's arrest at the scene of the crime to support the conviction.

■ Appellant argues that the evidence is insufficient in a second respect; he contends the evidence is insufficient to show theft from a person in that the evidence does not establish that the robber touched the complainant. The complainant gave the appellant the money from the register and from her purse which was under the counter. Appellant states that "presumably" the complainant laid the money on the counter from which appellant retrieved it. This is, as appellant suggests, a mere presumption because the complainant's testimony was that she opened her purse and gave the robber the money.

In any event, appellant relies on cases, e.g. *Cousins v. State,* 154 Tex.Cr.R. 5, 224 S.W.2d 260 (Tex.Cr.App.1949), decided prior to the current code. Therefore, those cases have no application to the theft statutes that were consolidated under the current code. Tex.Penal Code Ann. § 31.03(d)(4)(B) (Vernon Supp.1982). Appellant cites no recent authority nor are we able to find any which requires an actual touching in order to sustain a conviction for theft from a person. Even had the element of "touching" been required, the evidence still would be sufficient. Appellant's fifth ground of error is overruled.

■ Appellant asserts in his sixth ground of error that the trial court erred in charging the jury that our law provides that a person commits the offense of robbery if he intentionally or knowingly threatens or places another in fear of imminent bodily injury because the charge authorized the jury to find appellant guilty of

an offense not alleged in the indictment. The indictment in the instant case only alleged that he placed another in fear whereas the abstract statement of the law in one portion of the court's charge discussed both placing in fear and threatening the complainant.

The case appellant cites for this proposition, *Dowden v. State,* 537 S.W.2d 5 (Tex. Cr.App.1976) in dicta discouraged the practice of quoting the entirety of a section of the penal code that was not pled in the indictment. The court did not use the admonition as a basis for reversing the judgment. Furthermore, the portion of the court's charge applying the law to the facts restricted the jury's consideration to the allegation contained in the indictment, namely only placing the complainant in fear of imminent bodily injury, and therefore does not present reversible error. *Grady v. State,* 614 S.W.2d 830, 831 (Tex.Cr.App. 1981). Appellant's sixth ground of error is overruled.

■ In ground of error seven appellant argues that the trial court erred in charging the jury that a person commits the offense of robbery if he acts with intent to obtain or maintain control of the property of others since this was not alleged in the indictment. Therefore, appellant maintains that the charge authorized a conviction for an offense not alleged in the indictment. As we discussed in ground of error four, we find the court's holding in *Taylor v. State, supra,* dispositive of this ground of error as well. The terms "appropriate" and "obtain or maintain control" are so substantially similar that the charge is not fundamentally erroneous. Appellant's seventh ground of error is overruled.

■ In ground of error eight appellant contends that the trial court committed fundamental error in charging the jury on the lesser included offense of theft from the person because theft from the person is not a lesser included offense of robbery. Specifically appellant argues that theft from a person is no longer a separate crime because the theft offenses have been consolidated. Tex.Penal Code Ann. § 31.02 (Ver-

non 1974). However, Tex.Penal Code Ann. § 31.03(d)(4)(B) (Vernon Supp.1982), the theft statute, provides that an offense under the theft section is a felony of the third degree if "regardless of value, *the property is stolen from the person of another.*" (Emphasis added). Therefore, even though the theft offenses have been consolidated the appellant's conviction for theft from a person is permissible given the express wording of the statute quoted above. Even though the conviction for theft from the person is permissible, it would have been the better practice for the State to have tracked the theft statute.

The general rule is that an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Tex.Code Crim.Pro.Ann. art. 37.09(1) (Vernon 1981). The test used to determine whether theft is a lesser included offense of robbery as set forth in *Campbell v. State,* 571 S.W.2d 161 (Tex.Cr. App.1978) is:

> ... not whether the primary offense is capable of proof on some theory that would not show theft. The issue is whether the State's case as presented to prove the offense charged included proof of theft.

See also: *Royster v. State,* 622 S.W.2d 442, 443–444 (Tex.Cr.App.1981) wherein the court found that theft from a person could be a lesser included offense of robbery. In the case at bar, the State produced evidence that appellant entered the store in question and demanded money. The record shows theft was included in the proof of the State's case and therefore theft is a lesser included offense in this case. Appellant's eighth ground of error is overruled.

In his ninth and final ground of error, appellant asserts that the statute making theft a third degree felony is unconstitutionally vague. The Court of Criminal Appeals in passing upon the constitutionality of Tex.Penal Code Ann. § 29.02(a)(2) (Vernon 1974) stated: "A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his

contemplated conduct is forbidden by the statute." *Wells v. State,* 576 S.W.2d 857, 858 (Tex.Cr.App.1979) and cases cited therein. "If the statute encourages arbitrary and erratic arrests and convictions, it is also void for vagueness." *Wells v. State, supra.*

As we previously discussed, Tex.Penal Code Ann. § 31.03(d)(4)(B) (Vernon Supp.1982) provides theft is a felony of the third degree if the property is stolen from the person of another. This provision clearly furnishes adequate warning to anyone of ordinary intelligence that that kind of conduct embarked on by appellant would constitute an offense. *Wells v. State, supra.* It is also readily apparent what conduct is prohibited by the statute and the statute's application is appropriately restricted so as not to result in arbitrary and erratic convictions. *Wells v. State, supra.* We hold that Tex.Penal Code Ann. § 31.03(d)(4)(B) (Vernon Supp.1982) is not unconstitutionally vague. Appellant's ninth and final ground of error is overruled.

The judgment of the trial court is affirmed.