Christopher Maurice FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–00594–CR.

Court of Appeals of Texas, Dallas.

July 25, 1983.

James C. Belt, Jr., Bradley K. Lollar, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before STOREY, VANCE and STEWART, JJ.

VANCE, Justice.

This is an appeal from an order revoking appellant's probation. Appellant was convicted, on his plea of guilty, of the offense of theft of property from the person on March 21, 1980, and was assessed a four year sentence. Imposition of sentence was suspended and he was placed on probation for four years under the terms and conditions of probation entered on March 21, 1980. On March 11, 1981, the State filed a Motion to Revoke Probation alleging that five of the conditions had been violated. The revocation hearing was held on August 6, 1981. The appellant entered a plea of "True" to the Motion to Revoke Probation. Probation was revoked and the sentence was then reduced to three years. Appellant was then sent to the Texas Department of Corrections. Then on December 10, 1981, after a hearing where the appellant had requested "shock" probation, he was placed on probation under Tex.Code Crim.Proc. Ann. art. 42.12, § 3c (Vernon 1982–1983) for a period of four years. On March 12, 1982, the State filed a Motion to Revoke Probation alleging that four of the conditions of probation had been violated. On April 27, 1982, a hearing was held on the Motion to Revoke Probation, the appellant entered a plea of "True" to the Motion. The probation was revoked and the appellant was sentenced to three years.

Appellant in his sole ground of error contends that the indictment is void "for being indefinite and vague." We disagree and affirm.

The indictment, in pertinent part, provides that appellant did:

knowingly and intentionally steal property, namely: one wallet, one watch, current money of the United States, from the person of Willie Lowrie, the owner of the said property, by then and there appropriating the said property without the effective consent of the owner and with intent to deprive the said owner of said property, . . . ."

Appellant specifically complains of the use of the term "steal" as being totally ambiguous and as not apprising him of the charge which he must defend. Additionally, appellant complains that the indictment "fails to assign a value or range of value to the properties allegedly stolen."

■ It should first be noted that the appellant did not file a motion to quash the indictment in the trial court. Consequently, we may consider appellant's complaint only if it presents fundamental error. *American Plant Food Corporation v. State,* 508 S.W.2d 598, 604 (Tex.Cr.App.1974).

■ We hold that no fundamental error is shown. The indictment alleges that the appellant did "knowingly and intentionally steal property . . . by then and there appropriating the said property . . . with intent to deprive the said owner of said property, . . ." A person commits the offense of theft if he unlawfully appropriates property, with intent to deprive the owner of property. Tex.Penal Code Ann. § 31.03(a), (b)(1) (Vernon Supp.1982–1983). Generally, an indictment tracking the language of the penal statute in question is legally sufficient to provide the accused with notice of the offense charged. *Marrs v. State,* 647 S.W.2d 286, 289 (Tex.Cr.App.1983) (en banc); *Bollman v. State,* 629 S.W.2d 54, 55 (Tex.Cr.App.1982). We hold that the indictment contains all the constituent elements of the offense charged. It is not necessary to allege the value of the stolen property when the prosecution is for theft from the person. Tex.Penal Code Ann. § 31.03(d)(4)(B) (Vernon Supp.1982–1983); *Cousins v. State,* 154 Tex.Cr.R. 5, 224 S.W.2d 260 (1949). Appellant's ground of error is overruled.

The judgment is affirmed.