**Raul NARANJO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–93–353–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 28, 1994.

Rehearing Overruled Dec. 8, 1994.

Discretionary Review Refused April 5, 1995.

David Fast, Corpus Christi, for appellant.

Mark W. Eggert, Asst. County Atty., David Aken, County Atty., Sinton, for appellee.

Before SEERDEN, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant guilty of possessing an inhalant and assessed his punishment at 180 days in the county jail and a fine of $750.

In point of error one, appellant contends that chapters 484 and 485 of the Texas Health and Safety Code are unconstitutional because they are vague and both use the term "inhalant" for volatile compounds and aerosol paint compounds.

The State alleged that appellant:

did then and there inhale, apply, use and possess an abusable aerosol paint with intent to inhale, ingest, apply, and use the paint in a manner designed to affect his nervous system, to create and induce a condition of intoxication, euphoria, hallucination, and elation, and to change, distort, and disturb his eyesight, thinking process, balance, and coordination, and in a manner contrary to directions for use, cautions, and warning appearing on a label or container of abusable aerosol paint. . . .

Chapter 484 of the Texas Health and Safety Code is entitled "Volatile Chemicals." Section 484.003 provides a criminal penalty for possessing and using certain volatile chemicals listed in section 484.002. *See* Tex. Health & Safety Code Ann. §§ 484.002–.003 (Vernon 1992). Section 484.003 provides:

(a) A person commits an offense if the person inhales, ingests, applies, uses or possesses a substance containing a volatile chemical with the intent to inhale, ingest, apply or use the substance in a manner:

(1) contrary to directions for use, cautions, or warnings appearing on a label of a container of the substance; and

(2) designed to:

(A) affect the person's central nervous system;

(B) create or induce a condition of intoxication, hallucination, or elation; or

(C) change, distort, or disturb the person's eyesight, thinking process, balance, or coordination.

(b) An offense under this section is a Class B misdemeanor.

Chapter 485 of the Texas Health and Safety Code is entitled "Abusable Glues and Aerosol Paints." Section 485.031 provides a criminal penalty for possession and use of abusable glues and aerosol paints. *See* Tex.

Health & Safety Code Ann. § 485.031 (Vernon 1992). The section provides:

(a) A person commits an offense if the person inhales, ingests, applies, uses, or possesses an abusable glue or aerosol paint with intent to inhale, ingest, apply, or use abusable glue or aerosol paint in a manner:

(1) contrary to directions for use, cautions, or warnings appearing on a label of a container of the glue or paint; and

(2) designed to:

(A) affect the person's central nervous system;

(B) create or induce a condition of intoxication, hallucination, or elation; or

(C) change, distort, or disturb the persons' eyesight, thinking process, balance, or coordination.

(b) An offense under this section is a Class B misdemeanor.

Appellant claims that the sections are unconstitutional "because a defendant charged under them is unable to determine which one is more applicable as in our case." Appellant also mentions that different sections of both chapters define the term "inhalant paraphernalia," thereby causing confusion and constitutional vagueness. We disagree with appellant and find the sections constitutionally valid.

■ When challenging the constitutionality of a statute, a defendant must show that in its operation the statute is unconstitutional to him in his situation; that it may be unconstitutional as to others is not sufficient. *Briggs v. State,* 740 S.W.2d 803, 806 (Tex. Crim.App.1987). A statute is vague when persons of common intelligence must necessarily guess at its meaning and differ about its application. *See Cotton v. State,* 686 S.W.2d 140, 141 (Tex.Crim.App.1985). Statutory language is not unconstitutionally vague if it conveys a sufficient warning about the proscribed conduct when measured by common understanding and practices. *Farmer v. State,* 540 S.W.2d 721, 722 (Tex.Crim.App. 1976). Statutory words are to be read in context and construed according to the rules of grammar and common usage. Tex.Gov't Code Ann. § 311.011 (Vernon 1988). A statute is not rendered vague merely because the

words or terms are not specifically defined. *Ahearn v. State,* 588 S.W.2d 327, 338 (Tex. Crim.App.1979). Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence have been held not to be vague and indefinite. *Floyd v. State,* 575 S.W.2d 21, 23 (Tex.Crim.App.1978).

■ In examining a criminal statute for vagueness, the first inquiry is whether the ordinary, law-abiding individual received sufficient information from the statute that his or her conduct risked violating a criminal law. *Bynum v. State,* 767 S.W.2d 769, 773 (Tex.Crim.App.1989). A second inquiry is whether the statute provided sufficient notice to law enforcement personnel to prevent arbitrary or discriminating enforcement. *Id.*

■ Appellant was convicted under § 485.031. He cannot attack the constitutionality of chapter 484. Likewise, appellant was not convicted of anything regarding inhalant paraphernalia, and so he cannot challenge the Health and Safety Code sections dealing with paraphernalia. We have reviewed § 485.031 and fail to see how it fails to give sufficient notice to ordinary, law-abiding citizens. It also provides sufficient notice to prevent arbitrary or discriminating enforcement. Appellant's assertion that he could not tell which section he was charged under is without merit. The information clearly tracks § 485.031. Appellant's first point of error is overruled.

■ In points two and three, appellant contends the trial court erred in refusing to instruct the jury on a definition of "inhalant," as the term was used throughout trial. We overrule appellant's points for two reasons. First, "inhalant" is not an element of the offense for which appellant was convicted. Second, "inhalant" is not defined in the Health and Safety Code. When words are not defined by statute, they must be given their common meaning. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979). The trial court need not define "common words" in the jury charge. *King v. State,* 553 S.W.2d 105, 107 (Tex.Crim.App.1977). Points two and three are overruled.

In point four, appellant contends the trial court erred in refusing to allow his counsel to refer to Health and Safety Code section 484 during closing argument despite evidence that the paint can appellant possessed contained volatile compounds listed in § 484.002. We find no error. Section 484 and the volatile compounds listed therein were not relevant to this prosecution. The trial court did not err in restricting appellant's argument to the relevant law. Appellant's fourth point is overruled.

In point five, appellant contends the trial court erred by referring to the offense as "possession of inhalant." Appellant is correct in noting that the offense is not titled "possession of inhalant." Nonetheless, we find no error. Section 485.031, the section which sets forth criminal penalties for certain conduct, is merely titled "possession and use." Chapter 485 is titled "Abusable Glues and Aerosol Paints." During voir dire, in its introduction to the jury, the trial court stated, "[T]he basic nature of this charge or the common language, shall we say, of the charge is called possession of inhalant." Section 485.031 deals with possessing or using glues or paints in a certain manner. We find no error in the trial judge's reference or the charge's reference to the offense as "possession of inhalant." The term is simply a shorthand phrase to describe the offense. Point five is overruled.

In point six, appellant contends the evidence is insufficient to support the verdict. In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783–84, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App.1991).

Appellant asserts the evidence is insufficient to show the requisite intent. The arresting officer, Ben Guadarrama, testified he was on regular patrol when he noticed appellant staggering down the street. Appellant threw a plastic bag underneath the front porch of a house. Guadarrama could smell paint on appellant's breath. Appellant had paint around his mouth. Inside the plastic bag were an aerosol paint can and a beer can. Appellant did not appear to be in complete control of his faculties. He had glassy eyes, did not pay attention, and had bad balance. Guadarrama opined that appellant was intoxicated on the inhalant. Guadarrama read the can's warning label to the jury and testified that getting intoxicated on the paint is contrary to the warning label.

We find this testimony sufficient to show the appellant had the requisite intent, that is, "the intent to inhale, ingest, apply, and use the paint in a manner designed to affect his nervous system, to create and induce a condition of intoxication, hallucination, and elation, and to change, distort, and disturb his eyesight, thinking process, balance, and coordination." The evidence is sufficient to sustain the conviction. Appellant's sixth point is overruled.

The judgment of the trial court is affirmed.